# Robinson & Rylander, P.C.
# Attorneys At Law
St. Philip's Plaza
4340 North Campbell, Suite 266
Tucson, Arizona 85718
Office (520) 299-4922 Fax (520 )299-1482

*James L. Robinson, Jr.*
*PCB #48612 - Ariz. Bar #3184*

*Daniel J. Rylander*
*PCB #64969 - Ariz. Bar #15279*

*Attorneys for Debtor.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

**In Re:**

| | |
|---|---|
| VIRGINIA A. FLYNN S.S.# xxx-xx-7622 | Date Filed: 4/16/2008 |
| | Case No: 4:08-bk-04227-EWH |
| | **CHAPTER 13 PLAN AND APPLICATION FOR APPROVAL OF ATTORNEYS' COMPENSATION** |
| Debtor _____/ | |

Attorney for Debtor: Daniel J. Rylander 015279

## DEBTOR'S PLAN UNDER CHAPTER 13

WARNING IF YOU ARE A CREDITOR YOUR RIGHTS MAY BE IMPAIRED BY THIS PLAN!

    This plan contains evidentiary matters which, if not controverted, may be accepted by the Court as true. Creditors cannot vote on this plan but may object to its confirmation pursuant to Bankruptcy Code §1324, and local rules. Absent any such objection, the Court may confirm this Plan and accept the valuation and allegations contained herein.

    This plan provides for all Creditors, whether unsecured, secured, priority, nonpriority, scheduled, unscheduled, liquidated, dischargeable, known or unknown. However, only unsecured Creditors who **timely** file a Proof of Claim will receive payment under the Plan from the Trustee.

The Debtor proposes the following Chapter 13 Plan:

1

1.  **PROPERTY AND INCOME SUBMITTED TO THE PLAN:** Debtor shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

    a.  **Future earnings or income**: Debtor shall pay to the Trustee the sum of **$710.00** per month; on the **16th** day of the month, and the Debtor will remit the first payment to the Chapter 13 Trustee commencing **May 16, 2008, or thirty days (30) after the filing of the Petition, whichever comes first.**

    > Debtor is to make all of the Plan payments in the form of a cashier's check (not a money order) payable to the Office of the Chapter 13 Trustee and shall include this Bankruptcy Case Number on each cashier's check. Payments shall be sent to **Dianne C. Kerns, Chapter 13 Trustee, P.O. Box 366, Memphis TN 38101-0366.**

    b.  **Other Property**: None.

    If any other property is submitted to the Trustee for distribution to creditors or as administrative expenses, the value of such property shall be treated as an advance towards plan payments described in Section 1.a. above.

    c.  **Adjustments To Property**: The current market value of Debtor's secured property and the proposed adjustments to secured creditors and the secured claims which are non-purchase money security interests to be avoided are set forth in the Debtor's Schedules.

2.  **DURATION:** This Plan shall be for **60** months including any months that payments are made to the trustee prior to the confirmation of the Plan. If at any time before the end of this period all allowed claims are paid, the Plan shall terminate.

    With the exception of a hardship discharge as may be approved by the Court upon proper notice and hearing, in no event will the term of this plan be less than thirty-six (36) months, exclusive of any property recovered by the Chapter 13 Trustee, unless all allowed claims are paid in full, 11 U.S.C. §1325(b)(1).

3.  **CLASSIFICATION AND TREATMENT OF CLAIMS:** Claims shall be classified as set forth below and these claims shall be paid by the Trustee (quarterly if the Trustee so desires). Payments by the Chapter 13 Trustee shall only be made to those claimants who have timely filed a proof of claim, submitted a fee application or obtained an order from the Court for adequate protection payments.

    a.  **Administrative expenses**:

        i.  **Trustee's fees and costs:** Pursuant to 28 U.S.C. §586(e)(1)(B) and §586(e)(2) the Chapter 13 Trustee shall receive an amount not to exceed ten percent (10%) of each payment received from Debtors for her fees and costs or as otherwise

adjusted by the United States Attorney General.

ii. **Application for Debtor's Attorney's fees:** Pursuant to General Orders 94 & 95, the attorney's fee in this case is to be a flat fee which is based upon the time expended in a typical Chapter 13 case with similar factual circumstances and include at least the following services:
Initial office conferences with Debtor, review Debtor's questionnaire concerning Debtor's assets and determine the true market values and whether or not assets are secured by liens and encumbrances, review Debtor's liabilities and categorize liabilities, assist Debtor in gathering the information for the Schedules, draft the Chapter 13 Petition and Plan, do a mathematical analysis, file petition and plan, appear at First Meeting of Creditors, telephone conferences with Debtor, opposing counsel and/or creditors, taxing agencies and the Chapter 13 Trustee, preparation of objections to proofs of claims and preparation of stipulated order confirming plan and such other activities as are contemplated with the typical Chapter 13 Petition and Plan.

iii. In the event of contested matters Debtor's counsel may submit a fee application for his or her hourly rate of $250.00 an hour plus applicable paralegal rates of $95.00 an hour plus applicable out-of-pocket expenses.

iv. The Debtor paid Robinson & Rylander, P.C., the sum of $1,896.00 at the time that the Debtor retained Robinson & Rylander, P.C., and Debtor's remaining unpaid attorney's fees in the amount of $1,604.000 shall be paid through the plan to Robinson & Rylander, P.C., prior to the payment of any claims listed hereafter.

v. Debtor's counsel claims an assignment and lien upon the Debtor's plan payments held by the Chapter 13 Trustee.

vi. In the event that fees are earned in excess of these amounts set forth in paragraph 3. a. iv., Debtor's counsel may submit a fee application to the court.

vii. This firm may obtain outside counsel to make a court appearance and additional professionals to analyze tax matters and/or to perform such other analysis as may be necessary and prudent under the circumstances.

b. **Claims secured by real property which Debtor shall retain and pay**:

i. The creditor **Wells Fargo Home Mortgage, acct. no. 0062390679** shall retain its security interest in the real property located at 4600 N. HOUGHTON ROAD, TUCSON, AZ 85749, situated in Pima County, and described as LOT 59, CATALINA HIGHLANDS, A RE-SUBDIVISION OF PIMA COUNTY, ARIZONA ACCORDING TO THE MAP RECORDED IN BOOK 37 OF MAPS AND PLATS. PAGE 97, RECORDS OF PIMA COUNTY, ARIZONA, and as recorded in Book 37 of Maps, page 97 of the records of Pima County, Arizona, hereafter called the "real

property".

ii. **Direct Payment of Regular Ongoing Mortgage Payments -** Regardless of any mortgage arrears being paid in this plan the Debtor shall make regular monthly mortgage payments which become due after the filing of the bankruptcy petition and remitted directly to **Wells Fargo Home Mortgage, acct. no. 0062390679** who shall accept the same when tendered by the Debtor.

iii. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrears treated by this Plan.

iv. The Debtor shall pay the first post-petition payment directly to the above listed creditor no later than the next month following the filing of the Chapter 13 Petition which shall constitute Debtor's payment for that month.

v. The arrears allowed by this Court, if any, shall be paid in full to the below described real property creditor prior to commencement of payment of any claims listed hereafter (except for any adequate protection payments which may be allowed by the Court at the confirmation hearing).

(1) Arrears stated above shall include all pre-petition past due payments, late charges, attorney's fees and other costs due and unpaid at the time of the confirmation of this Plan, as well as reasonable attorney's fees and costs incurred by the lien holder. The amount of arrears shall be determined by this Court pursuant to a Proof of Claim timely filed by the secured creditor and if not timely filed then the amounts set forth above shall be determined to be the amount of arrears.

(2) Should a lien holder file an Objection to this Plan based solely upon the lien holder's disagreement with the above calculated amount of arrears, that lien holder shall accept the full responsibility for its own attorney's fees for the reason that this Plan contemplates that arrears will be adjusted to reflect the amount in the lien holder's proof of claim.

vi. Debtor's homestead exemption in real property, and in any identifiable cash proceeds from sale of the property, is allowed. The Debtor may use the real property in any manner but may not transfer, encumber, or sell the real property without further order of the Court.

c. **Claims secured by personal property:**

i. The creditors **HSBC Auto Finance, acct. no. 500002313890-7 (PMSI in 2005 Jeep Cherokee, VIN IJ4GS48K95C665114), and CITI FINANCIAL AUTO, acct. no. 0042 (Non pmsi in 1997 FORD RANGER VIN 1FTCR14U5VPB18954)** as set forth in the Petition shall retain their security interests in the property described below and

4

which secures their claims.

(1) The creditor **HSBC Auto Finance, acct. no. 500002313890-7 (PMSI in 2005 Jeep Cherokee, VIN IJ4GS48K95C665114)** shall be paid its debt balance estimated to be $16,786.29 for that certain **2005 JEEP CHEROKEEVIN #IJ4GS48K95C665114** plus interest at the rate of **nine (9) percent** and any amounts remaining unpaid by this plan shall be discharged.

   (a) **HSBC Auto Finance** shall be paid adequate assurance payments of **$215.00** per month until the plan is confirmed pursuant to 11 U.S.C. §1326(a)(1)(C) and General Order 95, "Adequate Protection Payments", (b-e). Payments for adequate assurance shall be disbursed by the Chapter 13 Trustee at the Trustee's discretion.

(2) The creditor **CITI FINANCIAL AUTO, acct. no. 0042 (non pmsi in 1997 FORD RANGER VIN 1FTCR14U5VPB18954)**, whose claim is more than **365 days old** at the date of the filing of the Debtor's Petition shall be paid the sum of **$4,345.00** for that certain **1997 FORD RANGER VIN 1FTCR14U5VPB18954** plus interest at the rate of **nine percent (9%)** per annum and any remaining unpaid amounts shall be paid as an unsecured claim and any amounts remaining unpaid shall be discharged**.**

   (a) The value of the property is the lesser of the value of the security or the debt balance, which is an amount equal to an amount that a willing seller and buyer would negotiate in an arms length transaction for the sale and purchase of this property (or as adjusted by the Court at any hearing), plus interest as stated above.

   (b) **CITI FINANCIAL AUTO,** shall be paid adequate assurance payments of **$50.00** per month until the plan is confirmed pursuant to 11 U.S.C. §1326(a)(1)(C) and General Order 95, "Adequate Protection Payments", (b-e). Payments for adequate assurance shall be disbursed by the Chapter 13 Trustee at the Trustee's discretion.

ii. Claims treated as unsecured claims:

(1) Any claims not specifically set forth as secured claims in the above paragraphs are presumed to be unsecured claims and shall be treated as general unsecured claims. Any creditors, including but not limited to, Sears, Roebuck & Co., Montgomery Wards, J.C. Penny's & Co., American Home Furnishings, Norwest, AVCO, American General , Orion Finance, Mercury Finance, Associates Finances, ABC Finance Wells Fargo, W.F. Financial and/or Radio Shack and creditors falling into this category, claiming a security interest, shall serve a proof of claim, proof of its perfected security

> interest, and an Objection to the Plan upon Debtor's counsel not later than the time set forth **Order Re: Procedures For Confirmation of Plans, Amended or Modified Plans, Moratoriums and Dismissal** and in the **Notice of Commencement of Case and Deadline to File Objections**.
>
> (2) If no proof of claim, proof of perfected security interest and objection to plan is filed and served on Debtor's counsel within the time allowed herein, then and in that event, only the claims listed herein as secured claims shall be treated as secured claims.

iii. Claims paid as secured claims shall be paid in full prior to the commencement of payment on any claims listed thereafter.

iv. Upon payment of the above amounts and plan completion and discharge entry of the Debtor, the security interest(s) shall be released to Debtor.

d. **Secured Tax Claims and/or Priority Tax Claims, and all other Priority claims of every kind.**

　i. **Priority Claims**: The following claims, as set forth below, shall be classified and paid as Priority claims:

　　(1) Taxes for which returns (if required) were due within three years before the commencement of this case.

　　(2) Taxes assessed within 240 days prior to the commencement of this case.

　　(3) Taxes not assessed before, but assessable after the commencement of this case.

　　(4) Taxes for which returns were not filed, or were filed late within two years before the commencement of this case.

　　(5) Taxes under fraudulent returns.

　ii. With respect to prepetition claims, prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect on all real and personal property of the Debtor until the discharge or dismissal of the case.

　iii. Priority claims shall be paid in full prior to the commencement of payment on unsecured claims. The amounts set forth below shall be adjusted to reflect the actual amounts allowed by the Court, and any increases shall reduce the amount payable on the unsecured claims.

　iv. Description of priority claimants including the basis of claim and rate of interest are:

> > (1) The claimant is the **Internal Revenue Service** for **2004, 2006,and 2007** federal 1040 tax debt in the amount of **$2,850.00** and the claimant shall be paid no interest and shall be paid as set forth herein. Any amounts unpaid by this Plan shall be discharged.
>
> v. The Debtor's initials indicate the correct status regarding filed or not filed income tax returns:
>
> _/s/_  _____  I have to the best of my knowledge and belief filed all required federal and state income tax returns.
>
> _____ _____ I have not filed all required federal and state income tax returns and am aware that these returns must be prepared and filed immediately or I risk that my Chapter 13 proceeding will be dismissed.

   e. **Unsecured Claims**: All other claims shall be classified as general unsecured claims along with any claims of security interest in property being avoided. Unsecured claims shall be paid the otherwise undistributed balance of payments under the Plan, **pro rata** and any unpaid amounts shall be discharged.

4. **OBJECTIONS**: Pursuant to the **Notice Of Date To File Objections To Plan**, a copy of which is included with this plan, an objection to the confirmation of a plan shall be made within the dates set forth in said Notice of Date To File Objections To Plan. Objections shall be in writing and a copy of the objection shall be served by the objector upon the Chapter 13 Trustee and Debtor's counsel. The objector shall indicate on the pleading the parties served and the date and method of service.

5. **PROOFS OF CLAIM:**

   a. All unsecured claimants must file proofs of claim by the claim's deadline in order to be paid the amounts provided for in the plan. If you do not file your proof of claim by the deadline date you will not receive anything <u>even if</u> the Plan provides for payment to you and your claim will be discharged and forever barred.

   b. If you are a secured creditor you will be paid per the plan.

   c. Priority claimants must file proofs of claim or their claim will forever be discharged and barred.

   d. If you intend to file a proof of claim the deadline for filing proofs of claim is set forth in the **Notice Of Commencement Case Under Chapter 13 Of The Bankruptcy Code, Meeting Of Creditors, And Fixing Of Dates**, a copy of which was included with this Plan, Pursuant to **Uniform Local Rule 13010 you must serve a copy of the claim on the Debtor,**

**Debtor's attorney and the Chapter 13 Trustee**.

- **e.** If there is a dispute between a claimant and a Debtor, the terms and conditions of the plan and any stipulated order confirming the plan shall control and be binding on the parties

- **f. EFFECTIVE DATE AND VESTING:** The effective date of the Plan shall be the date of the order confirming the Plan. Property of the estate shall vest in the Debtor upon confirmation, including any income tax refunds, except to the extent that any taxing agency has a right of set off. The Debtor may use the property in any manner. Debtor shall seek a Court order prior to buying or selling any property. With respect to pre-petition claims, upon the Confirmation of the Plan, the automatic stay provided for by 11 U.S.C. Section 362 shall remain in full force and effect.

**6. OTHER PROVISIONS OF THIS PLAN:**

- **a.** The trustee may dismiss this Plan if Debtor incurs post-petition debts without the written permission of the trustee.

- **b.** The trustee shall have the power to waive, in writing and upon such terms as the trustee may impose and on such conditions as the trustee deems proper, any default in Debtor's payments to the Trustee under this Plan.

**7. PLAN ANALYSIS:** Attached hereto and incorporated herein is a Chapter 13 plan summary report (plan analysis) which indicates the proceeds to be received and distributed under the plan and the categories and amounts of such distributions.

**8.** The Debtor herein acknowledges and states that the Debtor has read the foregoing Plan and approve its contents and reasonable likelihood of success. The Debtor further acknowledges that:

| | |
|---|---|
| /s/ | I understand that if I am self employed that I must submit monthly business operating statements to the Chapter 13 Trustee. |
| /s/ | I am aware that I must pay all mortgage payments on time and if I fail to do so the mortgage company will be permitted to retake my residence. |
| /s/ | In order to be able to prove that I have made my payments I have been made aware that I <u>must pay</u> my trustee payments and mortgage payments with a <u>cashier's check</u> (not a money order). |
| /s/ | I am aware that I must obtain the permission of the Court to buy, sell or refinance my home and that this requires a special motion, court hearing and order and notice of all of the |

8

|  |  |
|---|---|
|   /s/ _____ _____ | creditors and depending upon my attorneys' case load and the case load of the bankruptcy court that may take up to 90 days. . |
|   /s/ _____ _____ | I am aware that I must obtain permission of the Chapter 13 Trustee of purchase any vehicles and depending upon my attorneys' case load and the case load of the Chapter 13 Trustee that may take up to 120 days. |
|   /s/ _____ _____ | I am aware that I have to keep my attorneys promptly advised of all changes of address including up and until one year after I receive my discharge. |

Plan Date: _____

                                                    /s/Daniel J. Rylander 015279
                                                    **Daniel J. Rylander 015279**
                                                    **ROBINSON & RYLANDER, P.C.**
                                                    **Attorneys for Debtor**
                                                    **4340 North Campbell, Suite 266**
                                                    **Tucson, Arizona 85718**
                                                    **(520) 299-4922**

**APPROVED AS TO FORM AND CONTENT:**


/s/_____
VIRGINIA A. FLYNN, Debtor

LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): **VIRGINIA A. FLYNN**  Case No.: **4:08-bk-04227**
Prior: Chapter 7 ( )  Chapter 13 ( )  Date: **April 16, 2008**

## TOTAL DEBT AND ADMINISTRATE EXPENSES
## PROVIDED FOR BY THE PLAN

| | | |
|---|---|---:|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ **1,604.00** |
| B. | PRIORITY CLAIMS | $ **2,867.00** |
| | 1. Taxes | $ **2,867.00** |
| | 2. Other | $ **0.00** |
| C. | PAYMENTS TO CURE DEFAULTS | $ **0.00** |
| D. | PAYMENTS ON SECURED CLAIMS | $ **24,912.34** |
| E. | PAYMENTS ON OTHER CLASS | $ **0.00** |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ **8,956.66** |
| G. | SUB-TOTAL | $ **38,340.00** |
| H. | TRUSTEE'S COMPENSATION ( **10** % of debtor's payments) | $ **4,260.00** |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ **42,600.00** |

## RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---:|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in nonexempt property | $ **6,746.00** |
| | 2. Value of property recoverable under avoiding powers | $ **0.00** |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ **0.00** |
| | 4. Less: Priority claims | $ **2,867.00** |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ **3,879.00** |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ **8,956.66** |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.